## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

PULSE ACQUISITION CORPORATION,

        Plaintiff,

v.                                  Case No.   3:19-cv-1192-J-34JRK

JACKSONVILLE INJURY CENTER, LLC,

        Defendant.

_____

## O R D E R

**THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>.   Plaintiff Pulse Acquisition

Corporation (PAC) initiated this action on October 22, 2019, by filing a two-count Complaint

for Breach of Contract and Declaratory Relief (Doc. 2; Complaint) against Defendant

Jacksonville Injury Center, LLC (JIC).   On February 24, 2020, JIC moved to dismiss this

action for failure to state a claim upon which relief can be granted pursuant to Rule

12(b)(6), Federal Rules of Civil Procedure (Rule(s)).   <u>See</u> Defendant's 12(b)(6) Motion to

Dismiss for Failure to State a Claim (Doc. 33; Motion).   PAC filed a response in opposition

to the Motion on March 16, 2020.   <u>See</u> Plaintiff's Memorandum in Opposition to

Defendant's 12(B)(6) Motion to Dismiss (Doc. 38; Response).   Before addressing the

merits of the parties' contentions in these filings, the Court notes that, upon review of the

record, the Court is unable to determine whether it has subject matter jurisdiction over the

instant action.   Accordingly, as explained below, the Court will direct PAC to supplement

the record with additional evidence sufficient to establish this Court's jurisdiction.[1]   In

---

[1] <u>Ray v. Bird & Son & Asset Realization Co.</u>, 519 F.2d 1081, 1082 (5th Cir.1975) ("The burden of
pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly

addition, rather than defer ruling on the Motion until jurisdiction is established, the Court finds it appropriate to deny the Motion without prejudice as it fails to comply with the Local Rules of this Court and must be refiled with proper briefing.

## I.    Subject Matter Jurisdiction

In the Complaint, PAC appears to invoke this Court's diversity jurisdiction, pursuant to 28 U.S.C. § 1332(b), by alleging that the amount in controversy exceeds $75,000 and "the parties are of diverse citizenship."   See Complaint ¶ 7.   In support of its assertion that the parties are diverse, PAC alleges that it "is a Nevada corporation with a principal place of business in Las Vegas, Nevada."   Id. ¶ 2.   PAC further alleges that "JIC is a Florida limited liability company [and], . . . [o]n information and belief, the sole owner of JIC is a trust and the sole manager and owner of the trust is Scott Meide . . . a non-party to this action. Mr. Meide is a citizen and resident of Jacksonville, Florida."   Id. ¶ 3.   Because these allegations are insufficient to establish JIC's citizenship, the Court entered an Order (Doc. 10) on November 4, 2019, directing PAC to provide the Court with additional information so that the Court could determine whether it has diversity jurisdiction over this action.   See Order at 2-4.

After obtaining limited jurisdictional discovery, see Order (Doc. 13), PAC filed Plaintiff's Supplemental Memorandum Regarding Citizenship of Defendant Filed in Accordance with the Court's Order Dated November 25, 2019 (Doc. 23; Supplement) to which it attaches Defendant Jacksonville Injury Center, LLC's Responses to Interrogatories Pursuant to November 25, 2019 Order (Doc. 23-1; Interrog. Responses).

---

challenged, that party also bears the burden of proof."); see also Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

According to the Interrogatory Responses, JIC's sole member is the JIC Management Trust (the Trust), which has two trustees, Scott Meide and Michael Meide.   See Interrog. Responses at Nos. 1, 2.   The sole beneficiary of the Trust is Scott Meide.   See id. at No. 4.

Although the Court previously instructed that the citizenship of a trust was determined based on the citizenship of its beneficiary members, see Order (Doc. 10) at 2, upon further review of the relevant authority, it appears likely that the citizenship of the Trust is actually that of its trustees.   See Alliant Tax Credit 31, Inc v. Murphy, 924 F.3d 1134, 1143 (11th Cir. 2019) ("A 'traditional trust' holds the citizenship of its trustee, not of its beneficiaries.").   If the instant Trust constitutes a traditional trust, meaning "a fiduciary relationship regarding property where the trust cannot sue and be sued as an entity under state law," then it is the citizenship of its trustees, Scott and Michael Meide, that counts for purposes of diversity jurisdiction.   Id. at 1143 (quoting Wang ex rel. Wong v. New Mighty U.S. Tr., 843 F.3d 487, 495 (D.C. Cir. 2016)).[2]   To determine whether the trust is traditional, the Court must look to "the 'law of the state where the trust is formed.'"   Alliant Tax Credit 31, 924 F.3d at 1143 (quoting Wang, 843 F.3d at 495).   Here, while it appears likely that the instant Trust is a traditional trust governed by the laws of Florida, the record contains no evidence in this regard.   Because, as explained below, whether the Trust's citizenship is that of its trustees or its beneficiary may be dispositive of whether this Court has diversity jurisdiction over this action, PAC must supplement the record with additional evidence as to where the Trust was created and whether it constitutes a traditional trust.

---

[2] In contrast, where the "trust" label has been applied to an unincorporated entity that itself can sue and be sued, as permitted under the laws of some states, then the entity "possesses the citizenship of all its members."   See Americold Realty Trust v. Conagra Foods, Inc., 136 S. Ct. 1012, 1016 (Mar. 7, 2016).

To the extent the citizenship of the Trust is that of its trustees, Scott and Michael Meide, the record does not adequately establish the citizenship of Michael Meide.[3]   The Interrogatory Responses state that "Michael Meide is a resident of the nation of Australia." See Interrog. Responses at No. 2.   However, to establish diversity over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides.   See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).   A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom."   McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted).   Thus, "[c]itizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." Taylor, 30 F.3d at 1367 (emphasis supplied); see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence.'").   Moreover, the citizenship and domicile of Michael Meide is of particular importance given the evidence that he resides in Australia.   To the extent Michael Meide is a United States citizen domiciled abroad, and if his citizenship is imputed to the Trust as explained above, this would defeat diversity jurisdiction over this action.   See Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1341 (11th Cir. 2011) ("U.S. citizens domiciled abroad are neither 'citizens of a State' under § 1332(a) nor 'citizens or subjects of a foreign state' and therefore are not proper parties to a diversity action in federal

_____

[3] In the Complaint, PAC adequately alleged that Scott Meide is a citizen of Florida.   See Complaint ¶ 3.

court.").[4]   Accordingly, the Court will direct PAC to file supplemental evidence identifying Michael Meide's country or countries of citizenship and domicile.[5]

## II.    Motion to Dismiss

Until such time as the Court's subject matter jurisdiction over this action is established, the Court must refrain from considering the merits of JIC's pending Motion to Dismiss.   However, rather than defer ruling on the Motion, the Court finds it appropriate to deny the Motion without prejudice to re-filing because it fails to comply with the Local Rules of this Court.   Specifically, upon preliminary review of the Motion, the Court finds that JIC has failed to include a proper memorandum of law.   See Local Rule 3.01(a), United States District Court, Middle District of Florida ("In a motion or other application for an order, the movant shall include . . . a memorandum of legal authority in support of the request . . . .").   In its three-page Motion, JIC does not address the applicable standard of

---

[4] The Court notes that on December 2, 2019, JIC filed Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 16; Jurisdiction Motion), in which it states that Michael Meide "is a citizen of the country of Australia."   See Jurisdiction Motion ¶ 3.   However, "a sentence in an unsworn brief is not evidence," and cannot demonstrate a party's citizenship for purposes of establishing diversity jurisdiction. See Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1269 (11th Cir. 2013).

[5] On December 2, 2019, JIC filed a motion to dismiss for lack of subject matter jurisdiction in which it argued that diversity jurisdiction does not exist because, contrary to the allegations of the Complaint, PAC's principal place of business is Florida based on the Florida citizenship of John Textor, PAC's "sole corporate officer, sole director and Executive Chairman . . . ."   See Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 16; Jurisdiction Motion) at 2, 5-6.   Although JIC subsequently amended the Jurisdiction Motion and dropped this argument, the Court nevertheless has an obligation to ensure that subject matter jurisdiction exists over this action.   See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking.").   In its response to the Jurisdiction Motion, PAC submits the Declaration of John Textor (Doc. 20-1; Textor Decl.) who states that "PAC engages in no business operations in Florida or elsewhere, and has not engaged in any business operations in 2019."   See Textor Decl. ¶ 3.   Absent any evidence to the contrary, the Court is satisfied that PAC is not conducting any business activities and therefore has no principal place of business making it a citizen solely of its state of incorporation, Nevada.   See Holston Investments, Inc. B.V.I. v. LanLogistics Corp., 677 F.3d 1068, 1071 (11th Cir. 2012) (approving the Third Circuit's bright-line approach and holding that a dissolved corporation has no principal place of business); Midlantic Nat'l Bank v. Hansen, 48 F.3d 693, 696 (3d Cir. 1995) ("[W]e conclude that as a general matter, an 'inactive' corporation (that is, a corporation conducting no business activities) has no principal place of business, and is instead a citizen of its state of incorporation only.").

review, or identify the legal authority on which its arguments are based.   Indeed, JIC cites, in total, only one case.   This is entirely insufficient to satisfy the memorandum of law requirement.

Significantly, JIC's failure to include the relevant authority makes it impossible for the Court to discern the basis of its arguments.   Although JIC styles its Motion as premised on Rule 12(b)(6) and maintains that the case should be dismissed for "failure to state a claim," it begins its argument by stating that PAC lacks standing to pursue its claim. See Motion at 1, 2, 3.   Standing is a jurisdictional issue and thus motions to dismiss for lack of standing are properly brought under Rule 12(b)(1).   See Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 807 n.8 (11th Cir. 1993).   However, it is unclear whether JIC is actually raising a jurisdictional standing argument as JIC does not address the constitutional requirements of standing or cite to any caselaw relevant to an argument on standing.   See Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (May 16, 2016) (setting out the three elements of constitutional standing); see also AT&T Mobility, LLC v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 494 F.3d 1356, 1360-62 (11th Cir. 2007).   After the singular reference to standing, JIC's argument appears to shift to a Rule 12(b)(6) argument based on the assertion that PAC cannot state a claim for breach of contract because the contract is unenforceable.   See Motion at 3.   Significantly, this argument is premised on the consideration of evidence outside the four corners of the Complaint yet JIC provides no argument or authority to explain why the Court may appropriately consider such evidence in determining whether PAC has stated a viable claim for relief.   See Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010) (stating that with regard to

Rule 12(b)(6), "it is generally true that the 'scope of the review must be limited to the four corners of the complaint,'" (quoting St. George v. Pinellas Cnty., 285 F.3d 1334, 1337 (11th Cir. 2002))); Adamson v. Poorter, No. 06-15941, 2007 WL 2900576, at *2 (11th Cir. Oct. 4, 2007) (discussing exceptions).   Even assuming the Court can consider the extrinsic evidence, JIC does not cite to any authority governing the determination of whether a contract will be held to be unenforceable or void ab initio as a matter of law.

Thus, to rule on the Motion as currently drafted the Court would have to wholly construct JIC's arguments on its behalf.   This is not the proper role for the Court.   See Continental Motors, Inc. v. Jewell Aircraft, Inc., 882 F. Supp. 2d 1296, 1302 n.6 (S.D. Ala. 2012) (collecting cases) ("Movants not having fleshed out this argument or lent it any substance, this Court will not undertake to develop it on their behalf."); id. at 1305 n.13 ("[Plaintiff] has not made or developed such an argument, and this Court cannot and will not do so on a litigant's behalf."); Vision Bank v. Merritt, No. 10-0301-WS-C, 2010 WL 5474161, at *4 (S.D. Ala. Dec. 8, 2010) ("If [defendant] wishes to pursue such a legal theory, it is incumbent on him to perform the necessary research and develop that argument, rather than stating it in the vaguest of outlines and expecting this Court to fill in the gaps.").   Accordingly, the Court will deny the Motion without prejudice to re-filing an appropriate Motion that includes a proper memorandum of law that fully develops JIC's arguments and includes citations to the relevant legal authority.   In light of the foregoing, it is

**ORDERED**:

1. Plaintiff shall have up to and including **September 29, 2020**, to file supplemental evidence regarding the nature of the JIC Management Trust and the citizenship

and domicile of its trustee Michael Meide, as necessary to establish this Court's diversity jurisdiction over this action.

2. Defendant's 12(b)(6) Motion to Dismiss for Failure to State a Claim (Doc. 33) is **DENIED without prejudice** to re-filing a proper motion which complies with the Local Rules of this Court and the directives of this Order.  Any such motion must be filed within fourteen days of the Court's determination of the existence of subject matter jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of September, 2020.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record